■ In the Matter of EDWARD S. SILVER, as District Attorney of the County of Kings, Petitioner, v. BENJAMIN FEINBERG, Respondent.— In a proceeding to discipline respondent, an attorney and counselor at law, for professional misconduct, petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues had been referred for hearing. The Justice, after extensive hearings, has found respondent guilty of aiding and abetting the violation of the gambling laws of this State relating to the form of gambling commonly known as "policy," in that: (a) he made it a practice to act as counsel for persons accused of violating such laws; (b) they did not retain him or pay him any compensation for his services; (c) he did not request them to compensate him for his services; and (d) he was in fact hired and retained by other persons who had employed the accused in the operation of their illicit "policy business." The Justice has recommended that respondent be suspended from the practice of law for a period of either two or three years. The motion is granted, except as to the measure of discipline to be imposed upon respondent. The findings of the Justice are confirmed *in toto.* In our opinion they are amply sustained by the proof and by the fair inferences therefrom (cf. *Matter of Margolin,* 265 App. Div. 1061; *Matter of Davis,* 252 App. Div. 591). The recommendation of the Justice, however, with respect to the measure of discipline cannot be accepted. In our opinion, under all the circumstances, a six months' suspension is adequate discipline (cf. *Matter of Siegfried,* 265 App. Div. 964; *Matter of Margolin, supra*). Accordingly, the respondent is hereby suspended from the practice of the law for a period of six months, effective as of May 13, 1963. Ughetta, Acting P. J., Kleinfeld, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of SIDNEY GOODSTEIN, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., Petitioner.— In a proceeding to discipline respondent, an attorney and counselor at law, for professional misconduct, petitioner moves to confirm the report of the Referee to whom the issues had been referred for hearing. The Referee, after hearings, has found respondent guilty upon three charges of conversion and commingling of funds and has found him not guilty upon another charge, and has recommended that respondent be disbarred. The motion is granted; the findings of the Referee are confirmed *in toto;* and the respondent is disbarred and his name ordered to be struck from the roll of attorneys. Kleinfeld, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.

■ PARAMOUNT PICTURES THEATRES CORPORATION, Respondent, v. ROYSTER DRIVE-IN THEATRES, INC., et al., Appellants, et al., Defendant.— Appeal by defendants Royster Drive-In Theatres, Inc., and Harry Royster from an order of the County Court, Dutchess County, dated November 9, 1962, which, *inter alia,* granted plaintiff's cross motion for leave to serve a reply to a counterclaim pleaded in the second amended answer. The appeal was erroneously taken to this court. The Appellate Term of the Supreme Court in the Second Judicial Department is presently vested with the jurisdiction of such appeals from the County Court, Dutchess County. This appeal is, therefore, transferred to said Appellate Term of the Supreme Court (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; order No. 47 of this court, dated July 12, 1962). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hill, JJ., concur.